IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE SIMMONS,

    Petitioner,                             No. CIV-04-0226 GEB KJM P

    vs.

D.L. RUNNELS,

    Respondent.                           <u>FINDINGS AND RECOMMENDATIONS</u>

         Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the "three strikes" sentence imposed as a result of his Sacramento County conviction for burglary. Petitioner does not challenge the conviction itself, which was based on testimony that he was found in the victims' apartment and fled with one of the victims in pursuit. The latter victim caught petitioner and held him for the police after recovering a bottle of wine, a disposable camera and a watch, all of which had been taken from the apartment. Answer, Ex. D (Court of Appeal opinion) at 2.

II. <u>Standards Under The AEDPA</u>

         An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any

1

claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

/////

/////

/////

---

[1] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees. Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief. See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III.  Analysis

Petitioner argues that his thirty-five-year-to-life sentence "for theft of a bottle of wine and a disposable camera constitutes cruel and unusual punishment . . . ." Pet. at 3.  The Court of Appeal rejected the same argument on direct appeal:

> Defendant's present offense is more serious than Ewing's [Ewing v. California, 538 U.S. 11 (2003)] because first degree burglary is a serious felony.  Moreover, defendant's 37-year criminal history is far more egregious than Ewing's.  Defendant has amassed 10 felony convictions, 12 misdemeanor convictions, 6 probation violations and 4 parole violations.  In addition, he was an abscond [sic] from parole at the time of the present offense.  Defendant's sentence, therefore, does not violate the Eighth Amendment.

Answer, Ex. D at 3.

The probation report, the accuracy of which petitioner did not challenge, supports the Court of Appeal's summary of petitioner's record.  Petitioner's felony record begins[2] with 1967 and 1974 Texas convictions for forgery, followed by a 1978 conviction for burglary.  In California, petitioner has been convicted of a 1988 grand theft, a 1989 burglary, a 1990 sale of rock cocaine, a 1993 burglary and two 1995 burglaries.  Petitioner was sentenced to state prison in connection with the two Texas forgery convictions and the Texas burglary conviction as well as the 1993 and 1995 burglaries.  CT 161-166.

Petitioner's misdemeanor record also begins in Texas with convictions for driving under the influence in 1973, 1980 and 1983.  In California, he received another driving under the influence conviction in 1988.  Other misdemeanors in California include a 1992 possession of drugs, 1992 and 1993 possessions of drug paraphernalia, a 1994 trespass, a 1995 battery, a 1995 misdemeanor burglary, and a 2000 conviction for providing false information to the police.  Id.

/////

---

[2] The probation report also lists a 1963 conviction for murder in Texas, with a sentence of five years, suspended.  The trial judge did not rely on this conviction in ruling on defendant's motion to strike one or more of his prior strike convictions; this court thus will disregard it as well.  RT 229.

4

In <u>Lockyer v. Andrade</u>, 538 U.S. 63 and <u>Ewing v. California</u>, 538 U.S. 11 (2003), the Supreme Court considered California's Three Strikes law. In <u>Ewing</u>, a direct appeal from a judgment of conviction, the Supreme Court recognized the longstanding "tradition of deference of deferring to state legislatures in making and implementing" policy decisions about sentencing laws. 538 U.S. at 24. And while the Court also recognized a "narrow proportionality principle," it held the Eighth Amendment "does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate to the crime." <u>Id</u>. at 23 (internal quotations omitted).

The Court did not find Ewing's sentence of twenty-five-years-to-life to meet the standard of gross disproportionality. Ewing's commitment offense – grand theft – was based on his appropriation of $1200.00 worth of merchandise from a golf pro shop, committed while he was on parole from a sentence for burglary and robbery. <u>Id</u>. at 20, 28. His record included "numerous misdemeanor and felony offenses," most of them committed while on probation or parole, and nine prison terms. <u>Id</u>. at 30. The Court concluded: "To be sure, Ewing's sentence is a long one. But it reflects a rational legislative judgment, entitled to deference, that offenders who have committed serious or violent felonies and who continue to commit felonies must be incapacitated." <u>Id</u>.

<u>Lockyer</u> addressed the interaction of the AEDPA and the Court's Eighth Amendment jurisprudence. As in <u>Ewing</u>, the Court in <u>Lockyer</u> recognized the lack of clarity in its earlier Eighth Amendment cases but described the "governing legal principle" in Eighth Amendment cases to be "gross disproportionality." <u>Lockyer</u>, 538 U.S. at 72. The Court ultimately found the California Court of Appeal had not applied federal law in an unreasonable fashion or reached a result contrary to federal precedent on indistinguishable facts. <u>Id</u>. at 74. As a result, it upheld Andrade's sentence of fifty-years-to-life following his convictions for two counts of grand theft stemming from two incidents of shoplifting and the findings he had suffered
/////

three prior convictions for residential burglary. Id. at 65. His record also included two federal drug convictions, a federal escape charge, and some misdemeanor thefts. Id. at 66-67.

In light of Lockyer and Ewing, whether the state Court of Appeal's determination was an unreasonable application of clearly established federal law depends on the severity of the offense, the availability of parole and length of sentence, and the impact of recidivism. Id. at 72.

If the focus were only on the "spoils" of petitioner's latest burglary -- a bottle of wine, a disposable camera and a watch -- perhaps the offense would not seem serious. However, petitioner was in the victims' kitchen when they arrived home, and then fled with their property. RT 38. Even when cornered, petitioner neglected to return a watch to one of the victims, who found the watch and a knife petitioner had brought with him to the burglary during a search of petitioner's person. RT 40. The victim who had pursued petitioner let him go, but when the victim's girlfriend yelled that the police were on the way, the victim pursued petitioner again. RT 42. When he caught up to petitioner, petitioner took a swing at him. RT 52.

Petitioner is not eligible for parole until he has served thirty-five years of his sentence,[3] an eligibility that is possible but not probable for petitioner, a seventy-three-year-old man. CT 156 (petitioner's date of birth is 6/13/33); contrast Rummel v. Estelle, 445 U.S. 263, 280 (1980) (life sentence for small theft ameliorated by Texas policy of liberal grant of good time that might make person eligible for parole in twelve years). Nevertheless, the severity of the sentence alone will not make it grossly disproportionate. Harmelin v. Michigan, 501 U.S. 957 (1991) (sentence of life without the possibility of parole for possession of large amount of drugs did not violate Eighth Amendment).

The final consideration is the impact of petitioner's recidivism. Since 1967, petitioner has amassed an essentially unbroken criminal record; indeed, he committed the underlying offense only ten days after being paroled from the 1995 burglaries. CT 159.

---

[3] A third striker is not permitted to earn custody credits against his minimum sentence. In re Cervera, 24 Cal.4th 1073 (2001).

As the Supreme Court said in Rummel:

> One in Rummel's position has been both graphically informed of the consequences of lawlessness and given an opportunity to reform, all to no avail.  Article 63 [the Texas recidivist statute] thus is nothing more than a societal decision that when such a person commits yet another felony, he should be subjected to the admittedly serious penalty of incarceration for life, subject only to the State's judgment as to whether to grant him parole.

Rummel, 445 U.S. at 278.  Petitioner's five prison terms, like Ewing's "long criminal history," support the state court's resolution of his challenge.  The state Court of Appeal thus did not apply federal law in an unreasonable manner.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 8, 2007.

_____
U.S. MAGISTRATE JUDGE

2 simm0226.157